## HARRINGTON *vs.* BIGELOW.

Where two parties have been concerned in the commission of an indictable offence, as in an attempt to compound a larceny, the court will not lend its aid to either party. In case the defendant can establish a defence in the usual way, by showing his own turpitude as well as that of the complainant, he is at liberty to do so.

But if, by a legal slip, he has lost his opportunity to make out such a defence, the court will not, as a matter of mere favor, allow him to come in and make a defence of that character.

Where both parties have been engaged in an illegal transaction, the court will neither lend its active aid to the one party, to get rid of the securities taken upon such transaction, nor aid the other party in retaining them; but will leave both to their strict technical rights.

Harrington v. Bigelow.

THIS was an application, on the part of the defendant, to open the order to close the proofs in this case; and for leave to examine certain witnesses whose names had not been furnished until after the examination of the complainants witnesses.

*A. Becker & O. L. Barbour*, for the complainant.

*J. Rhoades & S. Crippin*, for the defendant.

THE CHANCELLOR. Under the circumstances, this appears to be a proper case to allow the witnesses who were irregularly examined, on the 30th of May last, to be re-examined. But they are not to be examined as to any admissions or confessions of the complainant of his having been guilty of stealing, or as to an illegal compounding of the alleged theft, by him and the defendant. For the allowing such proof would be to enable the defendant to avail himself of the objection that both parties were engaged in an indictable offence, in attempting to compound an alleged larceny. And it would prevent the court from granting any relief whatever, even if the defendant had availed himself of that opportunity to extort securities from the complainant to a large amount. The rule in such cases, is that the court will not lend its aid to either party. If the defendant can establish the defence, in the usual way, by showing his own turpitude as well as that of the complainant, he is at liberty to do so. But, on the other hand, if he, by a legal slip, has lost his opportunity to make out such a defence, the court will not, as a matter of favor, allow him to establish a defence of that character. In other words, where both parties have been engaged in an illegal transaction, the court will not lend its active aid to the one party to get rid of the securities taken upon the illegal transaction, nor will it aid the other party in retaining them; but will leave both to their strict technical rights. Any proof, however, that the securities, taken by the defendant, were given up and cancelled by him before the commencement of this suit, is a meritorious defence, and ought to be received. The application must, therefore, be granted so far as to permit the defen-

Harrington *v.* Bigelow.

dant to examine any of the witnesses whose names were furnished before the examination of witnesses commenced, or who were named in the notice of examination, for the 30th of May, at the house of the defendant. But such witnesses are not to be examined as to the written or verbal admissions of the complainant that he had stolen sheep; or to prove in any way that the complainant had been guilty of stealing, or that the securities in question were taken upon an agreement to compound such an offence, and to prevent a prosecution therefor. And the complainant, at any time before the commencement of the examination of witnesses, under the order, may furnish the names of other witnesses; and may examine them as to any matters as to which the new witnesses of the defendant, whose names were not furnished before the original examination, shall be examined. Either party is also to be at liberty to examine witnesses as to the general character of any witnesses who have been, or shall be hereafter, examined; without furnishing the names of such witnesses as are to be examined as to character. The order to open the proofs, however, must be upon condition that the defendant, within twenty days after the entry of such order, pays the complainant, or his solicitor, fifteen dollars for his costs in opposing this application. And, in that case, the time to take the testimony is to be extended sixty days after the payment of the said costs. But if the costs are not paid within the twenty days, this application is to be denied, with costs to be taxed.

Order accordingly.